## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ALEF JUDAICA, INC., a California corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 CV 3408 |
| vs. | ) ) | Judge Lindberg |
| MERCHANDISE MART, L.L.C., a Delaware limited liability company, | ) ) ) | Magistrate Judge Brown |
| Defendant. | ) ) | |

### PLAINTIFF/COUNTER-DEFENDANT ALEF JUDAICA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT/COUNTER-PLAINTIFF MERCHANDISE MART, L.L.C.'S COUNTERCLAIMS

Plaintiff/Counter-Defendant Alef Judaica, Inc. ("Alef Judaica") answers the

Counterclaims of Defendant/Counter-Plaintiff Merchandis Mart, L.L.C. ("The Mart") as follows:

### COUNT I:  (BREACH OF CONTRACT-12TH FLOOR LEASE)

1.      The lease executed April 16, 2007 by The Mart and Alef, attached as Exhibit 1 to Plaintiff's Complaint (the "Lease"), requires Alef to pay an annual base rent of $23,150.24 during the three-year period 6/1/07-5/31/10, in monthly installments of $1,929.19. Lease at ¶ 3. The Lease requires that each monthly installment be paid by the first day of each calendar month. *Id.*

**ANSWER:**    Alef Judaica admits that the parties entered into a lease for the period from

June 1, 2007 through May 31, 2010 and that a copy of that lease was attached as Exhibit 1 to

Alef Judaica's Complaint ("the Lease").  The terms of the Lease are as set forth in the Lease

itself.  Alef Judaica denies the remaining allegations of Paragraph 1. Answering further and as

set forth in Alef Judaica's Complaint, Alef Judaica states that The Mart announced its intent to

breach the Lease during the summer of 2007.

2.      The Lease also required Alef to fulfill its obligations, including the payment of rent, under the prior lease for the 13th floor showroom through May 31, 2007. *Id.* at Rider, ¶ 26.

**ANSWER:**    Alef Judaica admits that the Lease includes provisions regarding the parties' obligations under a prior lease and that some of those provisions appear at Paragraph 26 of the Rider to the Lease while other portions, including Paragraph 27 of the Rider to the Lease, also effect that prior lease.  Those terms are as set forth in the Lease itself.  Alef Judaica denies the remaining allegations of Paragraph 2.

3.    The Lease further provides that if Alef defaults on paying its rent, and does not cure within ten (10) days after written notice from The Mart, The Mart may treat the default as a breach of the Lease and may terminate the Lease without any further action. *Id*. at ¶ 9. Additionally, The Mart is entitled to recover as damages the value of the rent owed under the Lease for the balance of the three-year term. *Id*. The Lease also provides that Alef shall pay all attorneys' fees and expenses incurred by The Mart in enforcing any of Alef's obligations under the Lease, *id.*, and that Alef must pay double the stated base rent during the time it retains possession of the premises after the termination of the Lease. *Id*. at 11.

**ANSWER:**    Alef Judaica admits that the Lease contains terms concerning defaults for failure to pay rent and states that those terms are as set forth in the Lease itself.  Alef Judaica denies, however, that those terms were triggered and denies the remaining allegations of Paragraph 3.

4.    Alef breached the Lease by refusing to pay any rent installments due under the Lease for the 12th floor showroom, and by failing to timely pay rent owed through May 31, 2007 for the 13th floor showroom. In September 2007, The Mart served Alef with 10-day notice of default and Alef failed to cure. Thereafter, the Lease was terminated by The Mart.

**ANSWER:**    Alef Judaica denies the allegations of Paragraph 4.  Answering further, Alef Judaica states, as set forth in its Complaint, The Mart breached the Lease in the Summer of 2007, when it informed Alef Judaica that Alef Judaica would not be able to use the space covered by the Lease during the term of the Lease.

5.    Alef owes as damages the balance of rent owed under the Lease for the full three-year term, hold-over rent in an amount double the base rent for the time Alef remained in the 12th floor showroom subsequent to the termination of the Lease, shipping costs for Alefs merchandise, and The Mart's attorneys' fees and costs in bringing this counterclaim and in defending against Alefs Complaint. The Mart's damages total at least $70,000, plus attorneys' fees and costs.

CHILIB-2199282.1-325516-00001

**ANSWER:**    Alef Judaica denies the allegations of Paragraph 5.

WHEREFORE Plaintiff Alef Judaica, Inc. requests that the Court enter judgment in its favor and against Defendant Merchandise Mart L.L.C. and enter an Order awarding Plaintiff any relief the Court deems appropriate, including reasonable attorneys' fees and costs.

## COUNT II:  (BREACH OF CONTRACT-SETTLEMENT AGREEMENT)

6.    The parties entered into an agreement settling the dispute regarding Plaintiffs move from the 12th floor showroom, the terms of which are memorialized in the "Agreement of Termination and Release" (the "Agreement"). Agreement attached hereto as the Exhibit.

**ANSWER:**    Alef Judaica denies the allegations of Paragraph 6.  Answering further, Alef Judaica states that though the parties did discuss a settlement and though The Mart did provide draft agreements, Alef Judaica never agreed to an agreement settling the dispute because The Mart continually changed material terms of the draft agreement being discussed.  Each time that The Mart changed the material terms of the draft agreement being discussed by the parties, Alef Judaica informed The Mart of the change and Alef Judaica's rejection of the resulting draft agreement.

7.    As set forth in the Agreement, Plaintiff agreed to: (1) vacate the 12th floor showroom; and (2) release and discharge The Mart from all liability, claims and damages arising out of or in connection with Plaintiffs occupancy of the 12th floor showroom.

**ANSWER:**    Alef Judaica denies the allegation of Paragraph 7.

8.    The Mart agreed to: (1) forgive all of Plaintiffs rent arrearages; (2) dismiss its lawsuit against Plaintiff; (3) give Plaintiff a 50% discount on a temporary booth for an upcoming gift show; (4) give Plaintiff-the right of first refusal for a new showroom of an appropriate size, at the same rental rate as the rate in the Lease; and (5) store Plaintiffs merchandise for a specified period of time.

**ANSWER:**    Alef Judaica denies the allegation of Paragraph 8.

9.    The Mart has performed all of its obligations under the Agreement

**ANSWER:**    Alef Judaica denies the allegation of Paragraph 9.

10.    Plaintiff has breached the Agreement by bringing this action against The Mart.

CHILIB-2199282.1-325516-00001

**ANSWER:**    Alef Judaica denies the allegation of Paragraph 10.

11.    As a result of Plaintiffs breach, The Mart has incurred damages including legal fees and costs, which continue to accrue as this action proceeds.

**ANSWER:**    Alef Judaica denies the allegation of Paragraph 11.

WHEREFORE Plaintiff Alef Judaica, Inc. requests that the Court enter judgment in its

favor and against Defendant Merchandise Mart L.L.C. and enter an Order awarding Plaintiff any

relief the Court deems appropriate, including reasonable attorneys' fees and costs.

## COUNT III:  (FRAUD)

12.    The Mart incorporates Paragraphs 1-13 [sic] of its Counterclaim as fully set forth herein as Paragraph 14.

**ANSWER:**    Alef Judaica incorporates its answers to Paragraph 1-11 of The Mart's

Counterclaim as if fully set forth herein as this Paragraph 12.

13.    In November and December of 2007, Plaintiff falsely represented to The Mart that it agreed to a settlement of the dispute regarding Plaintiffs move from the 12th floor showroom in order to induce The Mart to forgive Plaintiffs delinquent rent and to grant it additional concessions.

**ANSWER:**    Alef Judaica denies the allegations of Paragraph 13.

14.    Plaintiff knew that its representation was false.

**ANSWER:**    Alef Judaica denies the allegations of Paragraph 14.

15.    Based on Plaintiffs words and actions, The Mart reasonably believed that Plaintiffs agreement to terms settling the dispute was genuine and had no knowledge of its falsity. In reliance on Plaintiffs false representation, The Mart ceased its efforts to collect unpaid rent from Plaintiff and gave Plaintiff additional concessions, thereby incurring damages.

**ANSWER:**    Alef Judaica denies the allegations of Paragraph 15.

WHEREFORE Plaintiff Alef Judaica, Inc. requests that the Court enter judgment in its

favor and against Defendant Merchandise Mart L.L.C. and enter an Order awarding Plaintiff any

relief the Court deems appropriate, including reasonable attorneys' fees and costs.

CHILIB-2199282.1-325516-00001

## **AFFIRMATIVE DEFENSES**

Plaintiff/Counter-Defendant Alef Judaica, Inc. ("Alef Judaica") further responds to the Counterclaims of Defendant/Counter-Plaintiff Merchandis Mart, L.L.C. ("The Mart") by asserting the following affirmative defenses:

1.     The Mart has either already mitigated its damages or its failure to do so means it cannot now recover those damages from Alef Judaica.

2.     The Mart's claims are barred by the doctrines of waiver and estoppel.  If the Mart's allegations are proven at trial, then the Mart will have proven that the parties resolved the disputes raised in The Mart's counterclaims, meaning The Mart cannot now recover on its claims.

3.     The Mart's claims are barred by the doctrine of unclean hands.  As set forth in Alef Judaica's Complaint, The Mart fraudulently induced Alef Judaica into moving out of its original showroom location.  As a result of that wrongful conduct, The Mart should not now be allowed to obtain the relief it seeks.

Dated: August 24, 2008                    ALEF JUDAICA, INC.


By:  ___s/ Max A. Stein_____
          One of its Attorneys

Max A. Stein, ARDC No. 6275993
REED SMITH LLP
10 South Wacker Drive
Chicago, Illinois 60606-7507
(312) 207-1000

2199282

CHILIB-2199282.1-325516-00001

<u>**CERTIFICATE OF SERVICE**</u>

I, Max A. Stein, certify that on August 25, 2008, I electronically filed the foregoing **PLAINTIFF/COUNTER-DEFENDANT ALEF JUDAICA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT/COUNTER-PLAINTIFF MERCHANDISE MART, L.LC.'S COUNTERCLAIMS** using the ECF system, which will send notification of that filing to counsel of record in this matter.

s/ Max A. Stein

Max A. Stein, ARDC No. 6275993
REED SMITH LLP
10 South Wacker Drive
Chicago, Illinois 60606-7507
(312) 207-1000

CHILIB-2199282.1-325516-00001